No. 665

BAY (Village) v. U. S. FID. & GUAR. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6454. Decided May 10, 1926

Judges Richards, Williams & Young of 6th Dist., sitting.

923. PLEADINGS—An averment of a resolution giving authority to the mayor and clerk of a municipality to approve a plat, is such as avers sufficient facts to show the acceptance of title to the streets by the municipality.

363. DEDICATION—Recording of the plat under 3585 GC. is a "conveyance to vest in the municipality the fee" to the streets in trust for street purposes.

WILLIAMS, J.

The Village of Bay as a condition of approval of an allotment plat owned by the Municipal Realty Co. required that the streets be slagged and graded to the satisfaction of the council. The Company agreed that within two years the streets would be graded and slagged to the satisfaction of council and a bond in the sum of $4000 was executed by the United States Fidelity & Guaranty Co. as surety.

The Mayor and Clerk approved the Realty Co. plat; but the condition of the bond was broken in that the grading and slagging was not completed. The village sued the Surety in the Cuyahoga Common Pleas setting forth that the cost of completion would be $3413 for which amount judgment was prayed for. The Realty demurred to the petition of the Village and judgment for the surety was entered thereon. Error was prosecuted and the Court of Appeals held:

1. A bond of this character cannot be attached to a pleading to be made a part thereof so as to make it a duty of the court to determine whether its contents aids the allegations of the petition. 82 OS. 240.

2. The surety claims the petition is defective because it appears therein that the Village has not accepted the dedication of the street in the allotment; and because it appears that the slagging and grading is still undone so that the Village has suffered no damage.

3. Section 3723 GC. providing that no street shall be deemed public unless the dedication is accepted by an ordinance specially passed for such purpose is not a limitation upon the general powers of a corporation in opening and improving streets; but is a restriction of the power possessed by others of imposing burdens and responsibilities upon the corporation.

4. "When such map has been properly acknowledged and approved by the council of the city - - - deemed a sufficient conveyance to vest in the municipal corporation the fee - - - -." 80 OS. 331.

5. The averment of the resolution authorizing the Mayor and Clerk to approve the plat, avers sufficient facts to show an acceptance of title to the streets by the municipality.

6. From the facts alleged, it appears that the surety bond was given to secure the performance of the contract between the Village and the Realty Co., and therefore, upon breach, the expense of doing the work may be recovered.

7. The facts stated in the Village's amended petition are sufficient to constitute a cause of action.

Judgment of Common Pleas reversed.

Attorneys—Landfear, Baskin & Price for Village; Stearns, Chamberlain & Royon for Company; all of Cleveland.